**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Lloyd Wright Foundation, an Arizona non-profit corporation, | No. CV 08-1112-PHX-DGC (lead)<br>No. CV 08-1125-PHX-FJM |
| Plaintiff, | **ORDER** |
| v. | |
| Steven W. Kroeter, an individual, Archetype Associates, Inc., a New York corporation, Archetype Associates, a New York general partnership, Steven Fields Design Associates, a New York general partnership, | |
| Defendants. | |

Pending before the Court are a motion to dismiss (Dkt. #13) and motion to consolidate (Dkt. #16). For the reasons that follow, the Court will deny the motion to dismiss and grant the motion to consolidate.

**I.    Background.**

Plaintiff Frank Lloyd Wright Foundation ("Plaintiff") and Defendant Steven W. Kroeter have had an ongoing business relationship spanning several years. In 1983, Plaintiff entered into a contract with Defendant Steven Fields Design Associates ("Design Associates"), of which Defendant Kroeter was a general partner, for the development of Plaintiff's licensable intellectual property and for Design Associates to serve as Plaintiff's licensing agent. *See* Dkt. #13-2 at 28-45. Defendant Kroeter subsequently transferred the agreement to Defendant Archetype Associates ("Archetype"), of which Defendant Kroeter

1 is the sole proprietor. In 2001, Plaintiff and Defendant Archetype signed an agreement 2 similar to the 1983 contract. *See id*. at 47-53. Thereafter, a dispute arose between Plaintiff 3 and Defendant Archetype concerning whether Defendant Archetype had been fully 4 compensated.

5 On May 28, 2008, Defendant Archetype's counsel wrote to Plaintiff's counsel, stating 6 that Defendant Archetype would file a complaint, which was attached to the letter, unless 7 Plaintiff submitted a settlement proposal within ten days. *See* Dkt. #17, Ex. A. In an email 8 dated June 4, 2008, counsel for Plaintiff responded, stating that it would provide information 9 on monies received from licencees by June 23, 2008, and would make a settlement offer by 10 July 9, 2008. *See* Dkt. #13-3 at 2-3. On June 8, 2008, counsel for Defendant Archetype 11 emailed a settlement demand to Plaintiff, explaining that it was a "final attempt to resolve 12 this dispute without the filing of the draft Complaint," that the demand will expire on 13 June 16, 2008, and that "[i]f not accepted, the Complaint will be filed that afternoon." *Id*. 14 at 5-6.

15 On June 13, 2008, Plaintiff filed this action against Defendants Kroeter, Archetype, 16 and Design Associates (collectively, "Defendants"). Dkt. #1. In an email dated June 15, 17 2008, counsel for Plaintiff informed Defendant Archetype that the suit had been filed. *See* 18 Dkt. #13-3 at 8-9. On June 17, 2008, Defendant Archetype filed a separate complaint in this 19 Court against Plaintiff, Philip D. Allsopp (Plaintiff's CEO), and Jane Doe Allsopp. Dkt. #2 20 (No. CV 08-1125-PHX-FJM).

21 **II.     Motion to Consolidate.**

22 Rule 42(a) of the Federal Rules of Civil Procedure and Rule 42.1(a)(1) of the Local 23 Rules of Civil Procedure permit the Court to consolidate cases which, in the Court's 24 judgment, involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a) ("When 25 actions involving a common question of law or fact are pending before the court, . . . it may 26 order all the actions consolidated."). The Court possesses "broad discretion" under Federal 27 Rule 42(a) "to consolidate cases pending in the same district." *Investors Research Co. v.* 28 *United States Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir.1989).

Defendants do not object to consolidation. *See* Dkt. #19 at 1. The Court's independent review of the complaints confirms the existence of common questions of fact. The Court will grant the motion to consolidate. *See Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

**III.    Motion to Dismiss.**

    **A.    Dismissal of Plaintiff's Complaint in its Entirety.**

Defendants seek dismissal of Plaintiff's complaint because Plaintiff allegedly engaged in gamesmanship and procedural maneuvering when it initiated this action. Dkt. #13 at 10; Dkt. #18 at 2. In particular, Defendants argue that Plaintiff's complaint should be dismissed "based on the anticipatory suit exception to the first-to-file rule" as the complaint was filed during the course of settlement negotiations and Plaintiff had advance notice that Defendant Archetype would file a complaint absent a response from Plaintiff. Dkt. #13 at 1-2 (internal quotes omitted).

The first-to-file rule is a "doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir.1982). The purpose of the rule is to promote judicial efficiency and to ensure proper deference to a plaintiff's choice of forum. *Id*. at 95, 97. The anticipatory suit exception applies where a party, with knowledge and in anticipation of an opponent's suit, "races to the courthouse" to file a complaint in a different forum. *See Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 627 (9th Cir. 1991). Anticipatory suits are disfavored because they amount to forum-shopping. *Id*. at 628.

The first-to-file rule does not apply in this case because both complaints were filed in this district. *See Pacesetter*, 678 F.2d at 95, 97. As the rule does not apply, neither does the anticipatory suit exception. This case does not present a risk of forum-shopping. *See Alltrade*, 946 F.2d at 628.

Defendants rely on cases in which the parties filed complaints in different districts. *See* Dkt. #17 at 4-5. Indeed, the legal standard for the anticipatory suit exemption put forth

- 3 -

by Defendants – that the first-filed complaint should be dismissed "when the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent" – is lifted from a case involving complaints filed in different districts. Dkt. #13 at 8 (quoting *Xoxide, Inc., v. Ford Motor Co.*, 448 F.Supp.2d 1188, 1192 (C.D. Cal. 2006) (one party filed suit in the U.S. District Court for the Central District of California and the other in the U.S. District Court for the Eastern District of Michigan)).

In their reply, Defendants acknowledge that the first-to-file rule applies when suits are filed in different districts, but nonetheless urge the Court to consider the public policy behind the anticipatory suit exception. Dkt. #18 at 3. Defendants cite to *Internet Transaction Solutions v. Intel Corporation*, 06-CV-035, 2006 WL 1281654 (S.D. Ohio May 8, 2006) *("ITS")*, a case in which a court dismissed a first-filed action for public policy reasons. *Id.* at 5. In that case, Intel had sent a cease-and-desist letter to ITS. Without providing a response, ITS filed suit in the District Court for the Southern District of Ohio. *See Intel*, 2006 WL 1281654, at *1. Upon learning of the suit, Intel filed a complaint in the District Court for the Northern District of California. *Id.* The court stated that:

> After receiving just one letter from Intel, ITS filed the declaratory judgment action in this district, preemptively foreclosing any settlement opportunity. The Court agrees with Intel that, as a matter of public policy, this conduct should be discouraged. Agreeing to exercise jurisdiction over the declaratory judgment action, under these circumstances, would encourage trademark holders to immediately file trademark infringement actions without first attempting to resolve the dispute short of litigation.

*Id.* at *7.

This case is distinguishable. First and most obvious, the cases in *ITS* were filed in different districts. Second, *ITS* arose in the context of a cease-and-desist letter that implicated trademark policies. Third, unlike this case, there were no negotiations in *ITS* to settle the dispute before litigation commenced.

Defendants also cite to *Z-Line Designs Inc. v. Bell'O International, LLC,* 218 F.R.D. 663 (N.D. Cal. 2003). Dkt. #18 at 6. That case similarly grew out of a cease-and-desist letter concerning trade dress and copyright violations, a situation not present here. *See Z-Line Designs,* 218 F.R.D. at 667.

The Court finds that the first-to-file rule and its anticipatory suit exception do not apply to this case. Nor is the Court convinced that Plaintiff's complaint should be dismissed on policy grounds. This case does not present the policy concerns for negotiated resolutions of trademark disputes; the parties in this case discussed their disagreements for months before suit was filed; and the Court cannot conclude that Plaintiff secured an unfair advantage by filing first. The fact that Plaintiff's suit was prompted by Defendants' threatened lawsuit and self-declared deadline does not render Plaintiff's suit improper.

**B.     Dismissal of Part V of Plaintiff's Complaint.**

Defendants alternatively argue that the Court should dismiss Count V of the complaint. That count asks the Court to determine, among other things: (1) what portion of past and future payments made by Plaintiff to Defendants constitute "excess compensation" under I.R.C. § 4958, or unlawful private inurement under I.R.C. § 501(c)(3); (2) whether Defendants are required to return payments that constitute either "excess compensation" or unlawful private inurement; and (3) whether Defendant Archetype failed to negotiate in good faith a revision to the agreement, where Article VII of the agreement requires the parties to amend the compensation provisions if any payments are determined to be "excess compensation" within the meaning of § 4958. Dkt. #1 at ¶¶ 96-99. Defendants argue that the Court lacks jurisdiction to resolve these questions because their resolution would amount to judicial interference with the functions of the Internal Revenue Service, interference that is prohibited by the Declaratory Judgment Act and the Anti-Injunction Act. *See* Dkt. #13 at 12-13.

The Declaratory Judgment Act permits federal courts to issue declaratory judgments "except with respect to Federal taxes[.]" 28 U.S.C. § 2201. The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421.

While these statutes support the general proposition that courts should not disturb the government's administration of the tax system, Defendants have cited no cases establishing

that either statute prohibits a federal court from addressing tax issues in a contract dispute between private parties. All of the cases cited by Defendants include the federal government or a federal government agent as a party, except one – *MCA, Inc. v. American Broadcasting Companies, Inc.*, 715 F.2d 475 (9th Cir. 1983) (per curiam). *See* Dkt. #13 at 11-15; Dkt. #18 at 7-9. In *MCA*, the Ninth Circuit held that section 804(c)(2)(D) of the Tax Reform Act of 1976 does not allow for declaratory judgments. *Id*. at 476. *MCA* spoke only to the intersection of the Declaratory Judgment Act and section 804, which concerns certain investment tax credits for the production of movie and television films. Absent clearer authority, the Court cannot conclude at this stage that *MCA* requires dismissal of Count V. Discovery has not commenced and summary judgement issues have not been briefed. The Court cannot determine the extent to which Count V will require an examination of tax issues, whether that examination will potentially impinge on any taxing authority, or the extent to which Count V primarily presents a private contract dispute. Because the Court cannot determine that Plaintiff would in all events be precluded from litigating the issues in Count V, Defendants' motion to dismiss will be denied.

**IT IS ORDERED:**

1. The motion to dismiss (Dkt. #13) is **denied**.
2. The motion to consolidate (Dkt. #16) is **granted**.
3. The clerk is directed to transfer Case No. CV 08-1125-PHX-FJM to this Court and consolidate it with Case No. CV 08-1112-PHX-DGC.

DATED this 6th day of August, 2008.

David G. Campbell
United States District Judge